UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LYTOSHIA S THOMPSON                     CIVIL ACTION NO.

v

EAST FELICIANA SCHOOL SYSTEM            JUDGE:
   and                                  Magistrate Judge:
CARLOS J SAM

## COMPLAINT FOR SEXUAL HARASSMENT AND RETALIATORY DISCHARGE

### Jurisdiction and venue

1. Jurisdiction is grounded in 28 USC sec.1343. Supplemental jurisdiction is also invoked with respect to defendant Sam. Venue in this district is proper because all acts complained of occurred in this district.

### Right to sue

2. Plaintiff received a Right-to-sue letter dated September 26, 2019.

### Parties

3. Plaintiff is Lytoshia S. Thompson, an African-American female.

4. Defendant, East Feliciana School System, employed plaintiff as the secretary of the Superintendent, Carlos J Sam.

5. Carlos J Sam (Sam), formerly superintendent of the East Feliciana School System, is also made defendant.

## Count 1-sexual harassment

5. When plaintiff was hired on or about September 14, 2018, Sam promised plaintiff her salary would be $45,000/year.

6. Once plaintiff reported she could not get Sam to confirm her salary at the rate of $45,000 per year.

7. Instead he told plaintiff her salary would be between $40 and $45, 000 per year.

8. Plaintiff objected.

9. Sam patted plaintiff two-three times on her thigh and told her, "Not to worry, we'll get there."

10. Sam set plaintiff's salary at $40,000/yr.

11. Shortly thereafter when plaintiff had gotten her first paycheck she bought a new dress. However, she realized on the first day she wore it that Sam was peeping down in the whole day.

12. Beginning in October Sam would appear once or twice a week on plaintiff's route to and from work and this continued through her last day of work.

13. Shortly before Thanksgiving, despite his having post-its on his desk, he asked plaintiff to get some post-its from a lower drawer. As she bent over to get them he bumped her buttocks with his crotch. He had her work late that day until a time when she was the only other person in the building.

14. By mid-October Sam was calling plaintiff into his office to do things that had nothing to do with her tasks. For example, to adjust his computer so she had authorization to enter calendar items; that was an IT issue. He met with her about a payroll issue with Tonya Taylor. He called her into discuss a contract with RKM. He called her into his office unnecessarily early to work on the meeting agenda.

15. For the December Board meeting he called plaintiff into his office. She was seated at a round table. As he stood over her he fondled himself for the first time. He did this on at least four other occasions. Finally, on February 4, 2019 he exposed himself. His penis touched her left arm.

16. At lunch plaintiff would usually eat in her vehicle and noticed that Sam would come out to his truck and sit there the entire time she remained in my vehicle.

17. He called plaintiff about 5-6 times at night, once to ask her to dinner. On the other occasions his talk was casual and not work related.

18. In sum, the foregoing conduct was pervasive and interfered with plaintiff's equal opportunity to perform her work.

## Count 2- Retaliatory discharge

19. On February 5, 2019, the day after he exposed himself, plaintiff reported his conduct to Ms Lillian Drake, a member of the School Board, after it finished its meeting on that date. She began the report in her office, but after 15 minutes or so, because she felt as though Sam (who had uncharacteristically remained in his office after the meeting) could hear though the walls, plaintiff and Ms Drake moved outside and stood next to plaintiff's vehicle. They continued the discussion another 20 minutes or so.

20. The next day Sam was not at work and on February 7 he announced he had surgery and would not be at work the rest of the week.

21. On the 7th Sam also directed plaintiff to report the next day for professional development and training. She made several inquiries about the nature of the training, but learned nothing about its purpose until the next day when the receptionist at the training site advised her that before she could begin training she would have to take a personality test. No one told her she would be given a personality test.

22. Plaintiff had previously asked to go to training sessions, including one that was free and one for which she offered to pay for herself.

23. Plaintiff had not been given a 90-day review

24. She had been publically praised at two Board meetings by the President. His remarks were seconded on the record by Sam.

25. She had never been counseled or written up about her performance.

26. In December plaintiff asked Sam how she was doing and he replied that if she were "doing anything wrong, he would let her know. She would not even have to wonder."

27. When plaintiff objected at the site that she would not take a personality test, the receptionist advised that the tester, Dr Slaughter, said she should go back to work. However, plaintiff tore hre back bumper off when she was leaving and did not get it fixed in time to go back to work.

28. Plaintiff was suspended on February 11,2019.

29. 0n March14, 2019 she was placed on leave without pay.

30. She was discharged on April 2, 2019.

31. The stated discharge reason was failure to attend a purported mandated professional development and training provided by SSA Consultant, LLC, as directed by Sam.

32. The stated reason is pretext.

33. The real reason is plaintiff's complaint about Sam's sexual harassment of her.

### Count 3-Batteries by Sam

34. Paragraphs 13 and 15 are pled here as though copied completely and constitute multiple batteries by defendant Sam.

## Relief sought

34. From the East Feliciana School System plaintiff seeks emotional distress damages for sexual harassment and illegal discharge; back pay from the date of her leave without pay; front pay for up to seven years; all costs; attorney fees; all legal and equitable relief; and trial by jury.

35. From defendant Sam, plaintiff seeks emotional distress damages for offensive touching; all costs; all legal and equitable relief; and trial by jury.

>Respectfully submitted,
>/s/ J Courtney Wilson 13561
>J Courtney Wilson
>1510 Veterans Blvd
>Metairie, La 70005
>(T) 504/832-0585
>(F) 504/846-2400 (fax pref'd)

PLEASE DO NOT ISSUE SUMMONS
NOTICE AND WAIVER WILL BE ATTEMPTED

.