UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LYTOSHIA S. THOMPSON**  　　　　　　　　　　**CIVIL ACTION**

**VERSUS**  　　　　　　　　　　　　　　　　　　**NO. 19-840-BAJ-RLB**

**EAST FELICIANA SCHOOL**
**SYSTEM, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Modify Scheduling Order. (R. Doc. 16). Plaintiff represents that the "motion is unopposed in concept, but no discussion has been had on the particulars." (R. Doc. 16 at 1). The deadline for filing a response has not expired. LR 7(f).

Plaintiff seeks recovery for sexual harassment, retaliatory discharge, battery, and denial of due process. (R. Doc. 1). On March 6, 2020, the Court issued a Scheduling Order providing the deadlines in this action, including the deadline to complete non-expert discovery by September 14, 2020, and the deadline to file dispositive and Daubert motions by February 26, 2021. (R. Doc. 12).

Plaintiff filed the instant motion on October 18, 2020. (R. Doc. 16). Without explanation, Plaintiff states that the depositions in this action "have been reset for February 25-26, 2021." (R. Doc. 16-1 at 1). Plaintiff is now seeking an extension of the deadlines to complete depositions, to complete expert discovery, and to file dispositive motions. Plaintiff states that her "continued convalescence from her surgery" and her counsel's upcoming family vacation on October 27, 2020 through November 9, 2020 make it "doubtful" she can submit an expert report in a timely manner. (R. Doc. 16-1 at 1). Plaintiff asks that the deadline to submit expert reports be continued until 45 days from any ruling on dispositive motions in light of the expenses involved in obtaining a report. (R. Doc. 16-1 at 2).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 12 at 2-3).

The instant motion was filed over one month after the close of non-expert discovery. Plaintiff has not established good cause to reopen discovery for the purposes of taking depositions. To the extent the parties have agreed to conduct depositions, they may conduct any such unopposed discovery "after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting." LR 26(d)(1). The deposition dates of February 25-26, 2021, unilaterally set without

2

court approval, however, would interfere with the current dispositive motion deadline of February 26, 2021.

Plaintiff has also not established good cause to continue the expert report deadline until "45 days" after the ruling on any dispositive motions to be filed. Setting the expert deadlines until after rulings on dispositive motions is untenable. It is also unclear why the parties need any additional time to conduct expert discovery in light of Plaintiff's surgery and Plaintiff's counsel's vacation.

Consistent with the general pretrial management instructions by the district judges of this district, the Court will modify the expert and dispositive motion deadlines by one month to provide the parties additional time to complete expert discovery. The parties are to set any remaining depositions that they have agreed to conduct after the discovery deadline in a manner that will not interfere with the pretrial deadlines set by this Order.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Modify Scheduling Order (R. Doc. 16) is **DENIED**. In accordance with Federal Rule of Civil Procedure 16(b)(4), the following deadlines are established:

1. The deadline to join other parties or to amend the pleadings is **EXPIRED.**

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): **EXPIRED.**

    b. **Filing** all discovery motions and **completing** all discovery except experts: **EXPIRED.**

    c. Disclosure of identities and resumés of experts:

        **Plaintiff(s):**     November 23, 2020.

        **Defendant(s):**     December 21, 2020.

3

       d.    Expert reports must be submitted to opposing parties as follows:

           **Plaintiff(s):**    **December 21, 2020.**

           **Defendant(s):**    **January 19, 2021.**

       e.    Discovery from experts must be completed by **February 22, 2021.**

3.    Deadline to file dispositive motions and Daubert motions: **March 26, 2021.**

All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on October 27, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**