UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYTOSHIA S. THOMPSON                                CIVIL ACTION

VERSUS                                              NO. 19-840-BAJ-RLB

EAST FELICIANA SCHOOL
SYSTEM, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Permit Depositions Related to Three Redacted Disciplinary Records and Compel Production of Same ("Motion to Compel") filed on April 7, 2021. (R. Doc. 27). The motion is opposed. (R. Doc. 28). Plaintiff filed a Reply. (R. Doc. 29).[1]

## I.    Background

Plaintiff seeks recovery for sexual harassment, retaliatory discharge, battery, and denial of due process. (R. Docs. 1, 5). On March 6, 2020, the Court issued a Scheduling Order setting, among other things, the deadline to file all discovery motions and to complete all non-expert discovery on September 14, 2020. (R. Doc. 12).

On October 18, 2020, Plaintiff filed a Motion to Modify Scheduling Order, which sought an extension of the deadlines to complete depositions, to complete expert discovery, and to file dispositive motions. (R. Doc. 16). In denying the motion, the Court stated that while Plaintiff had not established good cause to reopen discovery for the purposes of taking depositions, the parties may conduct unopposed discovery in accordance with Local Rule 26(d)(1). (R. Doc. 17). The Court also provided brief extensions of the expert discovery deadlines and the deadline to file dispositive motions and Daubert motions. (R. Doc. 17 at 3-4).

---

[1] Plaintiff did not seek leave of court prior to filing this reply memorandum as required. *See* LR 7(f). Because the reply memorandum resolves various issues, the Court will consider it for the purposes of resolving this motion.

The current deadline to file dispositive motions and Daubert motions is April 26, 2021.

(R. Doc. 19). Trial is set to commence on August 30, 2021. (R. Doc. 12).

On April 7, 2021, less than three weeks prior to the deadline to file dispositive motions,

Plaintiff filed the instant Motion to Compel, which seeks an order allowing discovery pertaining

to three East Feliciana Parish School Board ("School Board") employees (identified by Plaintiff

as employees A, B, and C). (R. Doc. 27).  Employees A, B, and C are referenced in Paragraph 5

of Plaintiff's First Amended Complaint filed on January 22, 2020:

> 45.    [Plaintiff] was denied substantive due process with respect to any
> applicable discipline in that the punishment was grossly disproportionate
> to:
>
> A.    An accountant who failed to follow payroll procedure by sending
> the superintendent's electronic payroll deposit to a bank not his
> own without his authorization, but was not disciplined;
>
> B.    The facilities coordinator who was insubordinate, but merely
> suspended for two weeks, and
>
> C.    The bus driver/police chief who was arrested several times for
> malfeasance in office as a police chief, but was merely put on
> leave pending the outcome of the trial.

(R. Doc. 5 at 6). Plaintiff did not file any discovery motion with respect to these individuals prior

to the close of non-expert discovery on September 14, 2020.

It appears that Plaintiff deposed the defendant Carlos J. Sam on March 17, 2021, in

accordance with Local Rule 26(d)(1), but counsel for the School Board objected to questioning

"about the nature of the offenses and discipline imposed" on employees A, B, and C, citing La.

R.S. 17:1237. (R. Doc. 27 at 2). In pertinent part, this statute provides that "[t]he contents of a

school employee's personnel file shall not be divulged to third parties absent the express written

consent of the school employee, except when ordered by a court or by subpoena. . . ." La. R.S.

17:1237(A).

Plaintiff asserts that in response to her original Rule 30(b)(6) deposition notice, the

School Board raised certain objections to her request for the employment files of employees A,

B, and C. (R. Doc. 27 at 2). Plaintiff represents that on August 6, 2020, the parties held a

discovery conference in which the parties "agreed that the 30(b)(6) deposition could proceed

with redaction of the three employee names." (R. Doc. 27 at 2).  Plaintiff has submitted a copy of

a letter drafted by Plaintiff's counsel dated October 17, 2020, which memorializes his notes that

at the August 6, 2020 discovery conference the School Board agreed that its Rule 30(b)(6)

deposition could proceed on the topic of "other employee misconduct" with appropriate

redactions. (R. Doc. 29-1).

There is no dispute that the parties agreed to conduct the Rule 30(b)(6) deposition on

April 15-16, 2021, in accordance with Local Rule 26(d)(1). (*See* R. Doc. 27 at 2; R. Doc. 28 at

2).[2] Plaintiff now seeks an order compelling the School Board to answer questions pertaining to

employees A, B, and C, and to produce their physical employment files.[3]  Plaintiff also seeks to

reopen Mr. Sam's deposition for the purposes of obtaining testimony about employees A, B, and

C.

In opposition, the School Board argues that the information sought is protected from

disclosure under La. R.S. 17:1237. (R. Doc. 28 at 1). The School Board also objects to any

further depositions or discovery outside of the Rule 30(b)(6) deposition agreed upon by the

parties, noting that the Court has previously denied Plaintiff's request to reopen non-expert

discovery. (R. Doc. 28 at 2).

In reply, Plaintiff clarifies that she is not seeking leave to depose employees A, B, and C,

and withdraws her motion to the extent it seeks the employment files of employees A, B, and C.

---

[2] It is unclear whether the parties proceeded with this deposition subject to the objections at issue.
[3] Plaintiff does not attach a copy of the deposition notice or any objections to her motion.

(R. Doc. 29 at 1).[4]  Plaintiff argues that the School Board has waived its objections to deposition testimony regarding the disciplinary records of employees A, B, and C. (R. Doc. 29 at 1-2).  In the alternative, Plaintiff argues that her motion is proper, despite its untimeliness, because "there must be an implied exception to enforce agreed depositions." (R. Doc. 29 at 2-3).

## II.    Law and Analysis

Discovery conducted by the parties after the discovery deadline is governed by Local Rule 26(d), which provides the following:

**(d) Discovery Deadlines.**

(1) Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery.

(2) Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. Discovery depositions must be completed before the discovery deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced.

LR 26(d). Accordingly, the Court will generally deny a motion to compel filed after the discovery deadline on the basis that it is untimely. *See* LR 26(d)(1); *Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline);

---

[4] Accordingly, the Court will denies as moot the motion to the extent it seeks the production of the employment files.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril."). Furthermore, the Court will not enforce depositions scheduled after the discovery deadline. *See* LR 26(d)(2).

The instant motion is untimely. The deadline to conduct non-expert discovery, and to file all discovery motions related to non-expert discovery, expired on September 14, 2020. (R. Doc. 12). The Court has previously denied Plaintiff's request to reopen non-expert discovery, specifically instructing the parties to conduct any unopposed discovery in accordance with Local Rule 26(d)(1). (R. Doc. 17).

Contrary to Plaintiff's assertions, the School Board's representation that it has agreed to have its deposition taken after the discovery deadline does not, without more, waive its objections to the scope of the deposition. In addition, there is no "implied exception" to the Court's deadlines or Local Rules to enforce depositions the parties have agreed to conduct after the close of discovery.

Having considered the record, however, the Court finds good cause under Rule 16(b)(4), and exceptional circumstances under Local Rule 26(d)(1), for the purposes of considering the merits of the instant motion. The relief sought is narrow as the parties have agreed to conduct depositions after the close of discovery and the only remaining issue is whether the scope of those depositions includes testimony regarding the disciplinary records of employees A, B, and C (and the defendant Carlos J. Sam). Plaintiff has submitted evidence that prior to the close of discovery, the parties reached an agreement to allow the Rule 30(b)(6) deposition to proceed on "other employee misconduct" so long as any identifying information pertaining to those

employees was redacted.[5]  This discovery is important to Plaintiff's claims. Allowing the discovery will not require any further modifications of the Court's deadlines.  Furthermore, the defendants have been aware of Plaintiff's factual allegations pertaining to employees A, B, and C since the filing of Plaintiff's First Amended Complaint on January 22, 2020. Any prejudice to the defendants is minimal.

For the foregoing reasons, the Court will allow Plaintiff to seek non-privileged information regarding the disciplinary records of employees A, B, and C (as well as the disciplinary record of the defendant Carlos J. Sam) at the defendants' depositions (or continued depositions). To the extent required by La. R.S. 17:1237(A), the Court orders that the contents of these employees' personnel files be divulged to Plaintiff and her counsel at the depositions.  This information must remain confidential and may only be used for the purposes of this litigation. The defendants shall refrain from providing any identifying information of employees A, B, and C.

The remaining deadlines in this action, including the dispositive motion deadline of April 26, 2021, and the trial date of August 30, 2021, are unchanged.  Furthermore, the Court will not entertain any further motions in this action pertaining to the depositions to be conducted pursuant to Local Rule 26(b)(1).

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Permit Depositions Related to Three Redacted Disciplinary Records and Compel Production of Same (R. Doc. 27) is **GRANTED IN**

---

[5] The Court does not reach the issue of whether the parties entered into an enforceable agreement with respect to the scope of the depositions to be taken after the close of discovery under Local Rule 26(d)(1), or the extent to which enforcement of such an agreement is appropriate.

**PART and DENIED IN PART** consistent with the body of this Order. The parties shall bear

their own costs.

Signed in Baton Rouge, Louisiana, on April 19, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**